UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBEN GONZALEZ, et al.,

    Plaintiffs,

v.                                           CASE NO: 8:08-cv-2270-T-23TBM

AKAL SECURITY, INC.,

    Defendant.
_____/

## **O R D E R**

Ruben Gonzalez and William Ryan sue Akal Security, Inc., ("Akal") for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII") and the Florida Civil Rights Act of 1992, § 760.01 et seq., Florida Statutes ("FCRA"). Gonzalez also sues Akal for retaliation and denial of benefits in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., ("FMLA"). Akal moves (Docs. 44 and 45) for summary judgment, and the plaintiffs respond (Docs. 62 and 78) in opposition.

### Title VII and FCRA Claims

A private security company, Akal provides security services to the United States Marshals Service ("USMS") and other federal agencies. Pursuant to a contract with the USMS, Akal employs Courtroom Security Officers ("CSOs") to monitor federal courthouses across the United States. The plaintiffs worked for Akal as CSOs at the federal courthouse in Tampa, Florida. The plaintiff Gonzalez is a Puerto Rican from New York. The plaintiff Ryan is white.

In November, 2006, the plaintiffs' supervisor, Jim Yorkey, denied Gonzalez's request to exchange shifts with another CSO.  Akal regularly approved other CSO's requests to exchange shifts, but Yorkey expressed no reason for denying Gonzalez's request.  (Doc. 64, ¶ 10)  After denying the request, Yorkey stated, "I am tired of these f------ New York cockroaches and I wish I could send them back on a bus to New York including one cockroach today . . . ."  (Doc. 68, ¶ 6)  In his declaration (Doc. 71), Gonzalez states that "'New York cockroach' is a direct reference to poor, dirty Puerto Ricans with large families living in filthy tenement buildings in New York."  Gonzalez and Ryan reported Yorkey's remarks to Akal's Tampa site supervisor, Earl Woody.

In February, 2007, a CSO accused Ryan and Gonzalez of using a vulgar Spanish word to refer to another CSO.  Akal suspended Gonzalez for ten days and Ryan for five days.  In March, 2007, Yorkey received a verbal reprimand for "us[ing] terms such as 'cockroaches' and other offensive remarks within the courthouse, CSO breakroom and at post assignments." (Doc. 70-14)  Between March 5, 2007, and March 27, 2007, Yorkey submitted eight complaints against Ryan.  Before the reprimand, Yorkey never filed a complaint against Ryan.

On June 20, 2007, Gonzalez filed a discrimination complaint with the EEOC.  On October 10, 2007, Gonzalez's supervisor accused Gonzalez of leaving work fifteen minutes early.  On October 30, 2007, Gonzalez submitted a retaliation complaint to the EEOC.  On October 31, 2007, Akal suspended Gonzalez for thirty days.  On November 29, 2007, Akal terminated Gonzalez.

Discussion

As an initial matter, Gonzalez's FMLA claims lack merit because Gonzalez is not an "employee" within the meaning of the act. An "employee" excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B). Unrebutted record evidence demonstrates that Akal employs fewer than fifty employees within seventy-five miles of the Tampa courthouse. (Doc. 47, ¶ 5) Because Gonzalez is not an eligible employee under the FMLA, the FMLA claims fail. See, e.g., Carlson v. Community Ambulances Servs., Inc., 824 A.2d 1228, 1231,32 (Pa. Super. Ct. 2003) (affirming summary judgment for the employer on an FMLA claim because the employer submitted an unrebutted affidavit stating that the employer employed fewer than fifty people). Accordingly, the motion for summary judgment (Doc. 44) is **GRANTED** with respect to the FMLA claims (counts five and six of the amended complaint).

Gonzalez alleges that Akal discriminated against him based on the Gonzalez's Puerto Rican ancestry. Gonzalez and Ryan allege that Akal retaliated against them in violation of Title VII and the FCRA.[1] Construed favorably to the plaintiffs, the record evidence creates a genuine issue of material fact on each discrimination and retaliation claim. Additionally, the record evidence raises a factual issue regarding each of Akal's

---

[2] The FCRA "is patterned after Title VII, and thus federal case law dealing with Title VII is applicable to employment discrimination claims brought under Florida law. Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) (citing Florida Dep't of Cmty. Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991)).

proffered non-discriminatory reasons for the adverse employment action.  Accordingly, summary judgment is **DENIED** with respect to the discrimination and retaliation claims.

Conclusion

Akal's motion for summary judgment against Gonzalez is **GRANTED IN PART** and **DENIED IN PART**.  The motion (Doc. 44) is **GRANTED** with respect to Gonzalez's FMLA claims (counts five and six of the amended complaint) and otherwise **DENIED**.  Akal's motion (Doc. 45) for summary judgment against Ryan is **DENIED**.

ORDERED in Tampa, Florida, on November 10, 2009.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE