**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUBEN GONZALEZ and
WILLIAM RYAN,

    Plaintiffs,

v.                                            Case No. 8:08-cv-2270-T-TBM

AKAL SECURITY, INC.,

    Defendant.
                                     /

## **O R D E R**

THIS MATTER is before the court on **Defendant, Akal Security, Inc.'s Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment Against William Ryan** (Doc. 124) and Plaintiffs' Response in opposition (Doc. 139). By its motion and pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(3), Defendant urges the court reconsider its November 10, 2009, Order (Doc. 103) denying summary judgment against William Ryan on the basis that when the evidence is properly considered there is no genuine issue of material fact as to Ryan's claims and summary judgment is warranted. Specifically, Defendant contends that the court's Order resulted from oversight or omission of record evidence and due to misrepresentations of fact by Plaintiffs in their opposition papers and the withholding of evidence by Plaintiffs during discovery. *See* (Doc. 124 at 2). Plaintiffs respond that Defendant's claim of "manufactured" evidence is without merit, and in any event, there is significant other evidence that the decision maker, Janet Gunn, knew about the

ethnic discrimination complaints prior to any disciplinary decisions regarding Plaintiffs. Thus, they argue that the existence of questions of fact precludes summary judgment.

Plaintiff, William Ryan ("Ryan"), sued Defendant, Akal Security, Inc. ("Akal"), for discrimination based on retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Florida Civil Rights Act of 1992, § 760.01 *et. seq.*, Fla. Stat. ("FCRA"). Akal, a private security company that provides security services to the United States Marshals Service ("USMS") and other federal agencies, employed Ryan at pertinent times as a Courtroom Security Officer ("CSO") to monitor the federal courthouse in Tampa, Florida. In his Amended Complaint, Ryan alleges that Akal took adverse employment actions against him in retaliation for his support of Plaintiff, Ruben Gonzalez's ("Gonzalez"), discrimination complaint against Akal. By Defendant's motion for summary judgment, the crux of Ryan's claim is that he was retaliated against for filing a union grievance on behalf of his co-worker, Gonzalez, requesting that the harassment of CSO Gonzalez with "anti-New York comments" stop. (Doc. 45). Defendant urges that Ryan's retaliation claim must fail because being from New York is not a protected characteristic, Ryan is still employed as a CSO, and the decision maker who suspended him was unaware that Ryan had filed a union grievance. The court denied Defendant's motion for summary judgment against Ryan. (Doc. 103).

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). Reconsideration of a prior order is an extraordinary remedy and should be employed

sparingly. *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Mannings v. Sch. Bd. of Hillsborough County, Fla.*, 149 F.R.D. 235 (M.D. Fla. 1993). In this district, a request for reconsideration is appropriate in only three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Internat'l Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co.*, 922 F. Supp. 577, 579 (M.D. Fla. 1996). A motion for reconsideration is not intended for a party to relitigate issues which have already been found lacking. *Gov't Personnel Servs., Inc. v. Gov't Personnel Mutual Life Ins. Co.*, 759 F. Supp. 792, 793 (M.D. Fla. 1991), *aff'd*, 986 F.2d 506 (11th Cir. 1993).

Upon consideration, Defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment Against William Ryan (Doc. 124) is **denied**. As the court initially determined, when the whole of the proffered evidence is considered, there remains genuine issues of material fact precluding summary judgment.

**Done and Ordered** in Tampa, Florida, this 6th day of January 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

3