UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBEN GONZALEZ and
WILLIAM RYAN,

    Plaintiffs,

v.                                          Case No. 8:08-cv-2270-T-TBM

AKAL SECURITY, INC.,

    Defendant.
_____/

## O R D ER

THIS MATTER is before the court on **Plaintiffs' Motion to Tax Attorneys' Fees, Costs and Expenses** (Doc. 146), and Defendant's Opposition to Plaintiffs' Motion (Doc. 148). By their motion, Plaintiffs seek an award of fees totaling $346,489.00,[1] and costs and expenses totaling $23,227.61,[2] as the prevailing parties in this action. *See* (Doc. 146 at 17). Plaintiffs file affidavits and records in support of their position. *See* (Docs. 147; 147-1 through 147-6; 168). In response, Defendant urges that while the parties agreed that Plaintiffs' counsel was entitled to fees, Plaintiffs are not the "prevailing party" to this litigation and accordingly may not seek fees as such.[3] Defendant maintains that an award of

---

[1] Plaintiffs' motion seeks $346,889.00 in fees, but the supporting billing records document fees in the amount of $346,489.00. *See* (Doc. 147-2 at 15, 28).

[2] By the court's calculation, the sum of the listed expenses is $25,039.71.

[3] A telephone conference was conducted June 16, 2010. The parties acknowledge their agreement at mediation that Plaintiffs were entitled to reasonable fees and costs. However, Defendant objects to Plaintiffs' claim that they are prevailing parties. Citing *Buckhannon*

reasonable fees to Plaintiffs should be no more than $170,000.00 and costs and expenses should be stricken or alternatively reduced to $3,197.43. (Doc. 148 at 4, 16).

I.

This litigation was initiated in October 2008 by the filing of a four-count Complaint in state court by Plaintiffs, Ruben Gonzalez and William Ryan, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, § 760, *et seq*., Florida Statutes. ("FCRA").[4] (Doc. 2). The case was removed to this court by Defendant, and Plaintiffs filed an Amended Complaint, adding two claims by Mr. Gonzalez for retaliation and denial of benefits under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"). The case was unsuccessfully mediated in April 2009. After considerable discovery, Defendant filed separate Motions for Summary Judgment directed to each Plaintiff in September 2009. (Docs. 44, 45). Numerous affidavits, declarations, exhibits, and depositions were filed by the parties supporting their respective positions regarding Defendant's motions. *See* (Docs. 46-58; 62-79). In November 2009, the court granted summary judgment in favor of Defendant with respect to the two FMLA claims, but otherwise denied the motions. (Doc. 103). The case was scheduled to be tried in December 2009 and the parties filed 13 motions *in limine* in anticipation of the trial. The parties consented to magistrate judge jurisdiction and the trial

---

*Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), they urge, correctly, that in the absence of a judgment or court ordered decree, Plaintiffs may not claim prevailing party status on this motion.

[4]Plaintiffs' billing records reveal counsel's considerable work dating back to 2007 related to investigation and administrative proceedings.

was continued to February 2010. The case was settled at a mediation conference conducted in January 2010. The terms of the settlement are confidential.

II.

The starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors. *See Norman*, 836 F.2d at 1299. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

III.

Plaintiffs employ the lodestar for calculating legal work during the administrative proceedings as well as proceedings before this court.[5] The individuals primarily involved in working on the case were lead counsel, John D. Goldsmith, who seeks compensation at an hourly rate of $400.00 per hour for 556.10 hours of work, and paralegal Susan Van Boskerck for whom 606.2 hours of work at $160.00 per hour is sought. Plaintiffs also request fees for attorney Laura Prather at a rate of $350.00 per hour for 2.8 hours; attorney Dustin Deese at $250.00 per hour for 32.8 hours; attorney Amy Drushal at $265.00 per hour for 12.9 hours; and attorney Abby Salzer at $255.00 per hour for 56.7 hours. (Doc. 147-2 at 28). In total, Plaintiffs seek $346,489.00 in fees under the lodestar.

In opposition, Defendant argues that Plaintiffs should not be considered "prevailing parties" for purposes of a statutory right to their attorney's fees because they voluntarily settled the case, the requested hourly rates are not reasonable, and the number of hours billed is unreasonable and duplicative. Defendant posits that this was a simple case made infinitely

---

[5]The requests are supported by affidavits from John Goldsmith, Esquire (Doc. 147) and John E. Johnson, Esquire (Doc. 168).

4

more complicated by the actions of Plaintiffs' counsel. It urges that reasonable hourly rates are as follows: $250.00 for Mr. Goldsmith and Ms. Prather and $95.00 for Ms. Van Boskerck. As for the remaining attorneys' time, to the extent same is credited, Defendant argues that $195.00 per hour is appropriate. As for the numbers of hours sought, Defendant responds that the time spent pursuing the administrative process should not be compensated because the administrative agencies found "no cause" to believe discrimination or retaliation occurred.[6] Defendant submits the time spent litigating the amount of fees should be deducted.[7] Defendant argues that time billed for clerical tasks is not recoverable.[8] It argues that the time billed by the four attorneys at the end of the case totaling $27,057.00 should, at a minimum, be reduced by half because a large portion of this time was spent familiarizing themselves with the case which is noncompensable.[9] It urges that the court not award fees for vague block billing and duplicative and unnecessary work.

    After careful consideration, I conclude some reduction in the hourly rates requested and the total hours expended is appropriate. On the matter of reasonable hourly rates, lead counsel, John Goldsmith is an experienced trial attorney with over twenty-five years in the

---

[6] Defendant argues a reduction in the requested fees in the amount of $21,792.00 for time spent on the administrative proceedings.

[7] Per Defendant's response, this equates to a reduction of $11,477.00 from the requested fees.

[8] This represents a deduction of $7,456.00.

[9] In support, Defendant cites *Case by Case v. Unified School District No. 233*, 157 F.3d 1243, 1253 (10th Cir. 1998); *Advanced Medical, Inc. v. Arden Medical Systems, Inc.*, No. 87-3059, 1990 WL 39261, at *6 (E.D. Pa. Mar. 30, 1990); *Marisol A. v. Guiliani*, 111 F. Supp. 2d 381, 395-96 (S.D. N.Y. 2000).

practice. He is a graduate of Yale University's law school and enjoys an excellent reputation among the trial bar. In this case, he undertook to represent the Plaintiffs on a contingency fee basis in 2007, beginning with their multiple administrative proceedings. In 2008, suit was initiated on behalf of the Plaintiffs. While the litigation was contentious, it was well-fought on both sides and included considerable and costly discovery and motion practice. Nevertheless, the court respectfully disagrees with Messrs. Goldsmith and Johnson that this was a complex case. On the contrary, from a legal standpoint, this case appears a "garden variety" discrimination and retaliation lawsuit which was not overly complex. Based on my experience in handling matters of this sort for over sixteen years in this market, lead trial counsel who specialize in this area of the law are now billing at hourly rates ranging from $300.00 to $400.00 per hour. Such rates vary depending on counsel's experience and the complexity of the case and whether the case is tried. Here, the bulk of the work was out-of-court work. By my consideration, in the circumstances of this case, Mr. Goldsmith is fairly and reasonably compensated at an hourly rate of $325.00 per hour. As for Laura Prather, who has board certification in labor and employment law, an hourly rate of $300.00 per hour for her minimal out-of-court work in this case also appears fair and appropriate. As for attorneys, Dustin D. Deese, Amy L. Drushal, and Abby D. Salzer, the court finds $225.00 per hour a reasonable hourly rate for their limited out-of-court work.

I have recently concluded that paralegal work is normally performed in this market at hourly rates varying from $60.00 per hour to $125.00 per hour. Because it appears that a number of the tasks performed by Ms. Van Boskerck, an experienced paralegal, are in other cases done by lawyers, I conclude that she is entitled to a fee at the upper end of that scale and

find that she is reasonably compensated in this case at the hourly rate of $110.00. Applying these hourly rates to the hours itemized by Plaintiffs results in a lodestar of $271,294.50.[10]

As for the hours sought, while it appears correct that such were driven, at least in part, by the aggressive defense offered by Defendant, I nonetheless find them unusually high for this type litigation. And, while the lodestar represents the presumptively reasonable fee in this matter, because Mr. Gonzalez was less than fully successful in his claims and because I find evidence of duplicative, redundant, and excessive hours, not likely billed to the Plaintiffs in the exercise of good billing judgment, I conclude a downward adjustment by 20% in the total hours sought by Mr. Goldsmith and his paralegal, Ms. Van Boskerck, is necessary and appropriate.[11]

Accordingly, the court awards attorney's fees in the amount of $221,811.60.[12]

IV.

As for costs and expenses, Plaintiffs seek to recoup $23,227.61. *See* (Doc. 147-2 at 15-27). Plaintiffs urge that they are not limited to the normal allowable costs, but rather are

---

[10](556.10 x 325) + (606.2 x 110) + (2.8 x 300) + (32.8 x 225) + (12.9 x 225) + (56.7 x 225) = $271,294.50.

[11]After considerable and detailed examination of the billing records, I conclude that there is evidence of excessive meetings and conferences, work performed by counsel better left performed by the experienced paralegal, duplicate billings by lead counsel and his paralegal for the same matters, excessive hours spent reviewing and revising discovery matters, and excessive hours spent reviewing and revising motions, including this motion, as well as responses. I do not question the time billed, but I firmly believe that in the exercise of good billing judgment, not all such matters are appropriately billed the clients and thus should not be shifted to the Defendant in this instance.

[12](556.10 x 325) + (606.2 x 110) = $247,414.50 - 20% = 197,931.60 + (2.8 x 300) + (32.8 x 225) + (12.9 x 225) + (56.7 x 225) = $221,811.60.

7

entitled to all reasonable expenses incurred in case preparation during the course of litigation.[13]
Defendant again responds that since Plaintiffs are not "prevailing parties," they have no statutory right to costs, particularly where the costs sought are exorbitant. On the matter of reasonableness, Defendant specifically argues that the photocopy costs are unsupported by invoice and charged at an excessive rate at 25 cents per page; facsimile, telephone, delivery, mediation, and expert charges should be deducted as not recoverable under 28 U.S.C. § 1920;[14] similarly, travel and out-of-pocket expenses are not reimbursable; and that Defendant should not have to reimburse Plaintiffs for deposition transcripts that Defendant paid for as well.[15]

As noted above, the parties agreed that Plaintiffs were entitled to their reasonable expenses as part of the settlement of the case. By my consideration, such include those reasonable expenses necessarily incurred to advance and defend the Plaintiffs' position in the litigation and that are not otherwise generally viewed as overhead expenses. Under this

---

[13]Plaintiff cites *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999), cases addressing the award of expenses under 42 U.S.C. §1988. Quoting *Dowdell,* the court in *Barnes* stated, "[i]n addition [to fees], 'all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988.'" Under *Dowdell,* the standard of reasonableness is to be given a liberal interpretation." *Id.* at 1192.

[14]Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).

[15]On the matter of depositions, Defendant cites *Grell v. Bank of America Corp.*, No. 3:05-cv-1237-J-32HTS, 2007 WL 1362728, at *4 (M.D. Fla. May 7, 2007), for the proposition that the district court has discretion to disallow costs of depositions.

standard, the filing fee of $310.00, the process server fees of $580.00, and witness fees of $737.50 are appropriately awarded. As for Mr. Goldsmith's travel expenses of $1,357.06 for depositions in Ft. Lauderdale and New Mexico, I find these expenses appropriately reimbursed as it does not appear that he also billed separately for travel time.[16]

The telephone and facsimile charges totaling $72.70 and the delivery and expedited shipping charges of $205.60, are by my consideration inadequately documented and in any event, part of counsel's general overhead or for the convenience of counsel and are not reimbursable here.

As for the transcript and deposition charges, as the file reflects, each of the depositions taken except for one was filed by the parties in conjunction with the summary judgment motions.[17] Thus, I find them to be reasonable and necessary expenses appropriately reimbursed. *See E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Accordingly, for deposition and transcript expenses, the court awards $10,093.47.[18]

As for in-house copying costs of $5,408.00, Defendant's arguments resonate with the court. Plaintiffs have the burden to demonstrate that copies were necessarily obtained for use in the case rather than as a matter of practice or convenience. *See Coss v. Sunbelt Rentals, Inc.*, No. 8:03-cv-129-T-30EAJ, 2005 WL 2088430, at *2 (M.D. Fla. Aug. 30, 2005). A

---

[16]Because it appears that Ms. Van Boskerck's travel time was billed for, I find her travel expenses of $134.39 to be otherwise adequately reimbursed and are therefore denied.

[17]It does not appear that the second deposition of Janet Gunn taken September 9, 2009, was filed in conjunction with the dispositive motions, and thus the costs associated with that deposition in the amount of $445.60 are appropriately deducted.

[18]I conclude the hearing transcript charge of $788.00 (for the June 30, 2009, proceeding) should not be reimbursed.

9

review of the disbursements reflects "duplication" expenses with little or no explanation and thus, the court is unable to ascertain whether such charges were reasonably necessary to advance the Plaintiffs' position or were merely for convenience.[19] Reasonable copying costs related to the EEO file, deposition exhibits, and discovery production appear reasonable and necessary and appropriately reimbursed. I agree with the Defendant that 25 cents per page is excessive for "in-house" duplicating charges. For instance, the City of Tampa billed copying at 15 cents per page plus a small charge for labor. Thus, I find 20 cents per page fair and reasonable in this instance. As for copying costs billed Plaintiffs by others, that sum ($187.39) is appropriately awarded. Accordingly, the court awards $1,832.39 for duplication charges.[20]

Additionally, Plaintiffs seek to be reimbursed for costs in connection with mediation ($2,205.00) and expert's fees ($2,500.00). Here, I find it appropriate that each party bear their own mediation fees. On the basis of the submissions, I find it impossible to measure the reasonableness of the requests for expert's fees in this case and accordingly, they too are denied.

---

[19] For certain duplication entries totaling $910.00, there is no explanation or detail at all. For others, it is wholly unclear what the necessity was such as the entries for copies of client documents on March 7, 2008; February 19, 2009; and April 8, 2009, which total $126.25. Additionally, some entries appear wholly inappropriate to bill such as for medical records on August 26, 2009 (in light of Plaintiff's failure to prevail on his FMLA claim); Eugene Murray records on September 15, 2009 (in light of Defendant's response that same were never produced); and Autotrack document retrieval (unclear as to the purpose and necessity of same). These entries total $401.50. Beyond the fact that the case was not tried and thus the necessity of the copying is in doubt, the numerous entries for copying of trial exhibits ($2,109.25) are poorly documented and appear quite excessive. They too are denied.

[20] This amount was based upon an award of $187.39 billed to Plaintiffs by others, plus the other reasonable and necessary "in-house" copy charges at 20 cents per page: $9.00 for records provided to the EEOC (45 copies @ 20 cents per page), $1,287.40 for document production (6437 copies), and $348.60 for 1743 copies used at depositions.

Thus, the court awards Plaintiffs their reasonable costs of $14,910.42.[21]

V.

Accordingly, Plaintiffs' Motion to Tax Attorneys' Fees, Costs and Expenses (Doc. 146) is **granted in part** as set forth herein.

**Done and Ordered** at Tampa, Florida, this 22nd day of June 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[21] 310 (filing fee) + 580 (process server) + 737.50 (witness fees) + 1,357.06 (Mr. Goldsmith's travel expenses) + 10,093.47 (depositions) + 1,832.39 (duplication) = $14,910.42.